# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ERIC MICHAEL ROBBINETTE,** | )<br>) |
| Plaintiff, | ) Case No. 7:17CV00053<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **DWAYNE LOCKHART, ET AL.,** | ) By: James P. Jones<br>) United States District Judge |
| | ) |
| Defendants. | ) |

*Eric Michael Robbinette, Pro Se Plaintiff.*

The plaintiff, Eric Michael Robbinette, a Virginia inmate proceeding pro se, filed this prisoner civil rights action under 42 U.S.C. § 1983. He complains that a policy of the Southwestern Virginia Regional Jail ("SVRJ") prohibits inmates from getting married at the jail. He now moves for a preliminary injunction and certification of a class.[1] I find that both motions must be denied.

The Complaint alleges that since January, Robbinette has been asking SVRJ officials to allow him to marry his fiancée, who is also an inmate at the jail. Officials have refused, citing a SVRJ policy that inmates cannot get married at the jail due to the short terms inmates serve there. On March 24, 2017, the court received Robbinette's Motion for a Preliminary Injunction directing SVRJ officials

---

[1] Robbinette's other pending motions will be addressed by separate order.

to allow him to get married. On March 29, however, the court received Robbinette's notice that he had been transferred to Bland Correctional Center, a men's prison facility operated by the Virginia Department of Corrections.

As a general rule, an inmate's transfer or release from a particular prison moots his claims for injunctive relief with respect to his incarceration there. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer rendered moot a prisoner's claims for injunctive and declaratory relief, but not claims for damages); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) (same). Because Robbinette is no longer confined under the authority of the defendants in this action, I must deny as moot his pending motion seeking preliminary injunctive relief against those defendants. His case can go forward, however, on his claim for monetary relief.

I also must deny Robbinette's request to certify a class in this case. It is inappropriate to certify a class where a pro se litigant or litigants seek to represent the interests of the class. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Moreover, I cannot find that appointment of counsel is warranted at this time. The court cannot require an attorney to represent an indigent civil plaintiff. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). In rare cases, the

court may request that an attorney represent an indigent plaintiff when "exceptional circumstances" exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Exceptional circumstances depend on the type and complexity of the case and the ability of the plaintiff to present it. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. at 309. Robbinette's Complaint does not present any exceptional circumstances justifying appointment of counsel at this time.

For the reasons stated, it is **ORDERED** that the plaintiff's motions seeking preliminary injunctive relief and certification of a class (ECF Nos. 7 and 8) are DENIED.

ENTER: April 3, 2017

/s/ James P. Jones
United States District Judge